LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Angeles Lopez,<br><br>            Plaintiff,<br>   v.<br><br>R&M Trucking-Intermodal, Inc.<br><br>and<br><br>Jeff's Fast Freight, Inc. d/b/a R & M Freight Inc. and R & M Trucking Company;<br><br><br>            Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>   Presiding Judge<br>   Magistrate Judge |

Now comes Plaintiff Angeles Lopez ("Plaintiff" or "Lopez"), by and through her attorney, Michael L. Fradin, Attorney at Law, and brings this action against her former employers, R&M Trucking-Intermodal, Inc. and Jeff's Fast Freight, Inc. d/b/a R & M Freight, Inc. and R & M Trucking Company (Both Defendants are collectively referred to herein as "Defendant" or "R & M"), a full-service trucking company that services the Chicago metropolitan area and parts of Indiana.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lopez was subjected to sexual harassment, gender/sex discrimination, gender violence, and retaliation by R&M. Plaintiff brings this Complaint against R&M for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Illinois Human Rights Act ("IHRA") as administered by the Illinois Department of Human Rights ("IDHR") and other Illinois state law claims.

The pervasive and objectively offensive sexual discrimination, sexual harassment, and unwanted physical contact to which the Plaintiff was subjected, as well as clearly unreasonable responses to Plaintiff's attempts to report said sexual misconduct caused Plaintiff serious psychological and economic damage. Plaintiff brings this Complaint in her true name and alleges as follows:

## I. PARTIES

### A. *Plaintiff*

1. Plaintiff Lopez is a female and a resident of the State of Illinois. Plaintiff was employed by Defendant from approximately April 19, 2021 through November 1, 2021.

### B. *Defendant*

2. Defendant R&M is a full-service trucking company that services the Chicago metropolitan area and parts of Indiana. R&M specializes in the air and ocean freight forwarding industry. R&M assists its customers with transporting freight to and from local airports and railyards as well as storing freight at its warehouse. R&M employs approximately 250 people across various departments.

3. The registered agent for both Defendants is Andrew E. Kolb, 200 W. Main St., Saint Charles, IL 60174.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## II.   JURISDICTION AND VENUE

4.     This action properly lies in this district pursuant to 28 U.S.C. §1391 because the events giving rise to this claim occurred in this judicial district.

## III.   NOTICE OF RIGHT TO SUE

5.     Attached to this Complaint as Exhibit A is a copy of the Right to Sue letter Plaintiff received from the U.S. Equal Employment Opportunity Commission ("EEOC").

## IV.   FACTS

### A. *Plaintiff is hired by Defendant R&M; harassment begins*

6.     On or about April 19, 2021, Plaintiff began working for R&M conducting truck verification.

7.     At all relevant times, Plaintiff's direct supervisor was Dan Craig.

8.     At all relevant times, the general manager for R&M was Tony Degani.

9.     At all relevant times, Defendant's Director of Human Resources ("HR") was Nicole Adamson.

10.     A few weeks after Plaintiff was hired, Plaintiff's co-worker, Ed Holes, without Plaintiff's consent, intentionally touched Plaintiff's butt. Plaintiff was startled by Holes' action and immediately moved away from him.

11.     Around the same time, another co-worker, Sasha Malinkovich, began sexually harassing Plaintiff both verbally and physically. Malinkovich often ran his finger down Plaintiff's arm and made inappropriate comments, including indicating that

- 3 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

he wanted sexual favors in exchange for permitting Plaintiff to charge her phone near his work area.

12.     Soon thereafter, Malinkovich's inappropriate comments and unwanted touching quickly became more frequent. While Plaintiff was trying to work, Malinkovich often asked Plaintiff to go out with him and asked Plaintiff to come to his house.

13.     In or around August 2021, Malinkovich began to repeatedly try to touch Plaintiff's hair. Plaintiff asked him to stop this behavior, but Malinkovich ignored Plaintiff's request and kept trying to make unwelcome physical contact with Plaintiff.

14.     On or around September 22, 2021, Malinkovich approached Plaintiff at her desk, touched her thigh, and said to Plaintiff, "let me see what you got there." Plaintiff moved his hand off her thigh and firmly told him to never do that again.

15.     Plaintiff immediately reported the harassment to Defendant's Human Resources department. Because Nicole Adamson was not present, Plaintiff made this complaint to Josette Heywood, the HR Assistant. Heywood advised that Plaintiff that she would inform Adamson of Complainant's allegations. Heywood then handed Plaintiff company promotional items (a coffee cup, t-shirts, and a sweatshirt).

**B. *Harassment continues after Plaintiff's first complaint to HR***

16.     When Plaintiff returned to her desk after reporting the harassment to HR, Malinkovich immediately approached Plaintiff, so Plaintiff left her desk and went to the warehouse.

17.     Plaintiff's supervisor, Dan Craig, approached Plaintiff in the warehouse to see why Plaintiff was there, and not at her desk. Plaintiff told Craig about the harassment and how she had reported it to human resources and that afterwards, she

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

was immediately approached by Malinkovich. Craig indicated that Plaintiff could remain in the warehouse until Malinkovich went home.

### C. Plaintiff's second complaint to HR

18. On or around September 23, 2021, Plaintiff realized that no steps had been taken to address the harassment of Plaintiff by Malinkovich. Therefore, Plaintiff once again went to the warehouse again to avoid Malinkovich. Plaintiff's supervisor, Dan Craig, once again saw Plaintiff in the warehouse and asked Plaintiff for the reason that she was not at her desk.

19. Again, Plaintiff attempted to explain that she could not work near Malinkovich, and further, that nothing had been done about the harassment. The General Manager, Tony Degani, then approached Plaintiff and asked what was going on. Plaintiff repeated the details of the ongoing sexual harassment to Degani and was told to go back to her desk.

20. Later that day, Plaintiff received a call to report to R&M's Human Resources department and speak with Nicole Adamson.

21. During the meeting with Adamson, Plaintiff reported the details of the harassment. Adamson's responses included, but were not limited to:

a. Adamson stated that what Malinkovich's sexually harassing behavior may be "a country thing," and that some people are "too friendly."

b. Adamson suggested that Plaintiff may have misunderstood Malinkovich's intensions when he touched Plaintiff's thigh.

c. Adamson told Plaintiff to put herself in Malinkovich's shoes and to try and understand him.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

d. Adamson suggested that Plaintiff was to blame for her own harassment because she wore torn jeans.

e. Adamson emphasized that Malinkovich had been working there a long time.

f. Adamson asked Plaintiff not to tell anyone outside the office about the harassment in order to avoid any "drama."

### D. *Plaintiff makes additional complaints to HR; harassment continues; Plaintiff is terminated in retaliation*

22. Plaintiff approached Nicole Adamson at least an additional two times following the incident when Malinkovich touched Plaintiff's thigh, yet Defendant R&M took no steps to stop the harassment.

23. On or around October 21, 2021, Plaintiff was walking to the company lunchroom, when Ed Holes passed by Plaintiff and forcibly grabbed her arm. Holes leered at Plaintiff and stated that if he were younger, he would chase after Plaintiff.

24. Plaintiff immediately reported this incident of harassment to Nicole Adamson, R & M's director of human resources.

25. Adamson, once again, minimized what happened. She suggested that Ed Holes' intentions were innocent, that some people are just a little more "touchy-feely" than others, and that he was trying to flatter Plaintiff because Plaintiff "is obviously a beautiful young lady."

26. Despite multiple reports, the harassment from Malinkovich continued unabated. This harassment included, but was not limited to, taking items from

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's desk, invading Plaintiff's personal space, and staring Plaintiff down to intentionally make her feel uncomfortable.

27. Since nothing was done to correct the problem, it became clear to Plaintiff that R&M maintained a permissive work environment regarding sexual harassment.

28. Plaintiff's discomfort and anxiety at work increased and it severely affected Plaintiff's mental health. Plaintiff developed insomnia due to the stress and came to dread going to Defendant's workplace.

29. On November I, 2021, Plaintiff was terminated in retaliation for complaining about the sexual harassment.

## V.    LEGAL CLAIMS

### A. Federal Claims

First Claim for Relief
Violation of Title VII
(Sexual Harassment)

30. Plaintiff re-alleges all prior paragraphs as if set out here in full.

31. The acts more particularly alleged in paragraphs 6 through 29, constitute hostile environment sexual harassment as proscribed by Title VII.

32. Plaintiff is a woman and is thus a member of a protected class.

33. The harassment to which Plaintiff was subjected is based upon her being a woman. Defendant's employees and managers did not engage in similar sexually harassing conduct towards male employees.

34. Defendant's conduct deprived Plaintiff of her statutory rights under Title VII, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her sex.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

35. The conduct was offensive, unwelcome, and pervasive. Defendant and its managers took no meaningful corrective action to stop the sexual harassment after Plaintiff made complaints to Defendant's Human Resources department about it. No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

36. As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

37. The actions of Defendant were so malicious and in such reckless indifference to the federally-protected rights of Plaintiff as to entitle her to receive an award of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

Second Claim for Relief<br>Violation of Title VII<br>(Discrimination)

38. Plaintiff re-alleges all prior paragraphs as if set out here in full.

39. The acts more particularly alleged in paragraphs 6 through 29, constitute hostile environment sexual harassment as proscribed by Title VII.

40. Plaintiff is a woman and is thus a member of a protected class.

41. Defendant discriminated against Plaintiff on the basis of her gender. Similarly situated male employees were not subjected to discrimination Plaintiff was subjected. The adverse treatment Plaintiff experienced included, but is not limited to, sexual harassment, retaliation, and being subjected to a hostile work environment.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

42.     Defendant's conduct deprived Plaintiff of her statutory rights under Title VII, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her sex.

43.     The gender-based discrimination was offensive, unwelcome, and pervasive. No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

44.     As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

45.     The actions of Defendant were so malicious and in such reckless indifference to the federally-protected rights of Plaintiff as to entitle her to receive an award of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

Third Claim for Relief
Violation of Title VII
(Retaliation)

46.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

47.     The acts more particularly alleged in paragraphs 22 through 29, constitute hostile environment sexual harassment as proscribed by Title VII.

48.     Plaintiff is a woman and is thus a member of a protected class.

49.     On several occasions, Plaintiff specifically complained to Defendant's Human Resources department about the hostile work environment that she was subjected to, but Defendant took no meaningful corrective action to stop the sexual harassment.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

50.     No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

51.     Plaintiff had to resign from her employment because no relief was forthcoming and no reasonable person would continue to work under such unbearable, intolerable, and unsafe conditions.

52.     Defendant's act of ignoring Plaintiff's complaints and continuing to force her to work in close proximity with her harassers after her complaints constitutes retaliation as proscribed by Title VII.

53.     Plaintiff suffered adverse treatment after she complained about her harassment. Specifically, Plaintiff was terminated from her position in retaliation for complaining about sexual harassment.

54.     Defendant's conduct deprived Plaintiff of her statutory rights under Title VII, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her complaints about sexual harassment.

55.     As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

56.     The actions of Defendant were so malicious and in such reckless indifference to the federally-protected rights of Plaintiff as to entitle her to receive an award of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

### B. Illinois State Claims

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Fourth Claim for Relief
Violation of Illinois Human Rights Act
(Sexual Harassment)

57.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

58.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

59.     The acts more particularly alleged in paragraphs 6 through 29, constitute hostile environment sexual harassment as proscribed by the IHRA.

60.     Plaintiff is a woman and is thus a member of a protected class.

61.     The harassment to which Plaintiff was subjected is based upon her being a woman. Defendant's employees and managers did not engage in similar sexually harassing conduct towards male employees.

62.     Defendant's conduct deprived Plaintiff of her statutory rights under the IHRA, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her sex.

63.     The conduct was offensive, unwelcome, and pervasive. Defendant and its managers took no meaningful corrective action to stop the sexual harassment after Plaintiff made complaints to Defendant's Human Resources department about it. No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

64.     As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

65.     The actions of Defendant were so malicious and in such reckless indifference to the state-protected rights of Plaintiff as to entitle her to receive an award

- 11 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

### Fifth Claim for Relief
### Violation of Illinois Human Rights Act
### (Discrimination)

66.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

67.     The acts more particularly alleged in paragraphs 6 through 29, constitute hostile environment sexual harassment as proscribed by the IHRA.

68.     Plaintiff is a woman and is thus a member of a protected class.

69.     Defendant discriminated against Plaintiff on the basis of her gender. Similarly situated male employees were not subjected to discrimination Plaintiff was subjected. The adverse treatment Plaintiff experienced included, but is not limited to, sexual harassment, retaliation, and being subjected to a hostile work environment.

70.     Defendant's conduct deprived Plaintiff of her statutory rights under the IHRA, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her sex.

71.     The gender-based discrimination was offensive, unwelcome, and pervasive. No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

72.     As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

73.     The actions of Defendant were so malicious and in such reckless indifference to the state-protected rights of Plaintiff as to entitle her to receive an award

of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

### Sixth Claim for Relief
### Violation of Illinois Human Rights Act
### (Retaliation)

74.    Plaintiff re-alleges all prior paragraphs as if set out here in full.

75.    The acts more particularly alleged in paragraphs 22 through 29, constitute hostile environment sexual harassment as proscribed by the IHRA.

76.    Plaintiff is a woman and is thus a member of a protected class.

77.    On several occasions, Plaintiff specifically complained to Defendant's Human Resources department about the hostile work environment that she was subjected to, but Defendant took no meaningful corrective action to stop the sexual harassment.

78.    No reasonable person could reasonably be expected to work under such unbearable, intolerable, and unsafe working conditions.

79.    Plaintiff had to resign from her employment because no relief was forthcoming and no reasonable person in her shoes would continue to work under such unbearable, intolerable, and unsafe conditions.

80.    Defendant's act of ignoring Plaintiff's complaints and continuing to force her to work in close proximity with her harassers after her complaints constitutes retaliation as proscribed by the IHRA.

81.    Plaintiff suffered adverse treatment after she complained about her harassment. Specifically, Plaintiff was terminated from her position in retaliation for complaining about sexual harassment.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

82. Defendant's conduct deprived Plaintiff of her statutory rights under the IHRA, i.e., Plaintiff suffered discrimination with respect to the "terms, conditions, or privileges of employment," because of her complaints about sexual harassment.

83. As a direct, natural, proximate, and foreseeable result of the actions and inactions of Defendant and its employees, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience

84. The actions of Defendant were so malicious and in such reckless indifference to the state-protected rights of Plaintiff as to entitle her to receive an award of punitive damages to punish Defendant and to deter them, and others, from such conduct in the future.

Seventh Claim for Relief<br>Negligent Retention

85. Plaintiff re-alleges all prior paragraphs as if set out here in full.

86. The acts more particularly alleged in paragraphs 10 through 29, constitute negligent retention.

87. At all times material hereto, Plaintiff's harassers were employed by Defendant and were under Defendant's direct supervision, employ, and control when they committed the wrongful acts alleged herein.

88. Defendant was negligent in retaining Plaintiff's harassers as employees after Plaintiff had made complaints to her supervisors and Defendant's Human Resources department regarding continuous sexual harassment and discrimination.

89. As a direct, natural, proximate, and foreseeable result of Defendant's negligent retention of Plaintiff's harassers, Plaintiff has suffered, and continues to

- 14 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

suffer, emotional distress, embarrassment, and humiliation. Plaintiff has lost wages that would have been earned if remedial actions were taken against Plaintiff's harassers and appropriate actions were taken to protect Plaintiff from sexual harassment.

Eighth Claim for Relief
Negligent Supervision

90.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

91.     The acts more particularly alleged in paragraphs 10 through 29, constitute negligent supervision.

92.     At all times material hereto, Plaintiff's harassers were employed by Defendant and were under Defendant's direct supervision, employ, and control when they committed the wrongful acts alleged herein.

93.     Defendant was negligent in supervising Plaintiff's harassers as employees after Plaintiff had made complaints to her supervisors and Defendant's Human Resources department regarding continuous sexual harassment and discrimination.

94.     As a direct, natural, proximate, and foreseeable result of Defendant's negligent supervision of Plaintiff's harassers, Plaintiff has suffered, and continues to suffer, emotional distress, embarrassment, and humiliation. Plaintiff has lost wages that would have been earned if remedial actions were taken against Plaintiff's harassers and appropriate actions were taken to protect Plaintiff from sexual harassment.

Ninth Claim for Relief
Illinois Gender Violence Act

95.     Plaintiff re-alleges all prior paragraphs as if set out here in full.

96.     The acts more particularly alleged in paragraphs 10 through 29, constitute gender violence.

- 15 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

97. At all times material hereto, Plaintiff's harassers were employed by Defendant and were under Defendant's direct supervision, employ, and control when they committed the wrongful acts alleged herein.

98. The gender-related violence as described herein was committed in the workplace by employees of Defendant's and in the course of the employment with the employer.

99. Defendant did not train or properly supervise Plaintiff's harassers before or after Plaintiff made complaints to her supervisors and Defendant's Human Resources department regarding continuous sexual harassment and discrimination.

100. As a direct, natural, proximate, and foreseeable result of the gender violence, Plaintiff has suffered, and continues to suffer, emotional distress, embarrassment, and humiliation. Plaintiff has lost wages that would have been earned if remedial actions were taken against Plaintiff's harassers and appropriate actions were taken to protect Plaintiff from sexual harassment.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lopez respectfully demands judgment against Defendants and asks the Court for the following relief:

(a) Declare that Defendants' conduct was in violation of the Fourteenth Amendment to the United States Constitution;

(b) Declare that Defendants' conduct was in violation of the Illinois Human Rights Act;

- 16 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

(c) Award Plaintiff the value of the compensation lost and benefits lost as a result of Defendants' unlawful conduct;

(d) Award Plaintiff the value of compensation and benefits they will lose in the future as a result of Defendants' unlawful conduct;

(e) Award Plaintiff damages for emotional distress and compensatory damages;

(f) Award Plaintiff punitive damages;

(g) Award Plaintiff reasonable attorney's fees, costs and disbursements;

(h) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

(i) Enjoin Defendants and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

(j) Award Plaintiff any and all other relief as the Court deems just in the premises.

## VII.   JURY DEMAND

Plaintiff Angeles Lopez demands trial by jury on all counts of the Complaint.

DATED: August 14, 2023

Respectfully submitted,

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

s/ *Michael L. Fradin*
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

# Exhibit A

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/05/2023

To: Angeles Lopez
    9410 Schiller Blvd #1
    Franklin Park, IL 60131
Charge No: 440-2022-01385

EEOC Representative and email:    HARLIS SION
                                 Investigator
                                 harlis.sion@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-01385.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
07/05/2023
Rayford O. Irvin
District Director

- 20 -

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL